J-S07041-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MAXIMILLIANO DEJESUS-BATISTA | : | |
| | : | |
| Appellant | : | No. 1462 MDA 2018 |

Appeal from the Judgment of Sentence Entered July 18, 2018
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0005347-2017

BEFORE: OLSON, J., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:          **FILED MARCH 18, 2019**

Maximilliano Dejesus-Batista (Dejesus-Batista) appeals from the judgment of sentence entered following his jury trial for identity theft and related crimes. Appellate counsel, Lauren E. Otero (Counsel), has petitioned to withdraw from representation and has submitted a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).[1] We grant the petition to withdraw and affirm Dejesus-Batista's judgment of sentence.

---

[1] The *Anders* procedure strikes a balance between an attorney's duty "to refuse to prosecute a frivolous appeal," *McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 435-36 (1988), and ensuring that "an indigent defendant has the same right to effective representation by an active advocate as a defendant who can afford to retain counsel of his or her choice."

---

\*   Retired Senior Judge assigned to the Superior Court.

**I.**

This case involves the fraudulent use of credits cards belonging to Mark Riegel[2] and his wife. On June 1, 2017, at approximately 6:00 a.m., Mr. Riegel arrived at Body Zone for physical therapy. His session ended a little after 8:00 a.m. and Mr. Riegel realized on the drive home that his wallet was missing. His bank statements showed that his Mastercard ending in 6146 was used at an Ephrata Wal-Mart for $2,400. His Visa card ending in 9995 was used at a Lancaster Wal-Mart for $1,800. The Ephrata Wal-Mart was about a 20-minute drive from Body Zone.

With the assistance of Wal-Mart asset management protection personnel, the Commonwealth linked these transactions to particular purchases. Video surveillance showed Dejesus-Batista purchasing gift cards at the Ephrata Wal-Mart on June 1 at 7:12 a.m. Wal-Mart's databases recorded that a Mastercard ending in 6146 and a Visa card ending in 9995 were used to purchase the cards.

Because the gift cards could only be used at Wal-Mart or Sam's Club, the investigators could determine when the gift cards were used. Those transactions were then cross-referenced with video surveillance. Videos of purchases made with the gift cards on June 1st, 2nd, 3rd and 4th were shown to the jury. On some of these occasions, Dejesus-Batista was accompanied

---

[2] His last name is spelled as "Reigle" in the trial transcript, but as "Riegel" in the exhibits.

by his girlfriend.  On at least one occasion, Dejesus-Batista was not present.

Finally, Dejesus-Batista purchased a Sam's Club membership which was linked

to a unique member number, photograph and address upon enrollment.  He

used the membership to purchase items with the gift cards.

The parties proceeded to a jury trial on 12 counts dealing with the theft

of the credit cards.[3]  The trial court granted a motion for judgment of acquittal

at counts three, four, eight and nine.  Dejesus-Batista was convicted of the

remaining charges and sentenced to an aggregate period of five and one-half

to 12 years' incarceration.  His post-sentence motions were denied and he

timely appealed.

## II.

Before examining the merits of Dejesus-Batista's claims as set forth in

his brief, we must first rule on the petition to withdraw.  **See Commonwealth**

**v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010) ("When presented with an

**Anders** brief, this Court may not review the merits of the underlying issues

without first passing on the request to withdraw.").  Procedural and

substantive requirements must be satisfied.  Procedurally, counsel must (1)

petition the court for leave to withdraw stating that, after making a

conscientious examination of the record, counsel has determined that the

_____

[3] Specifically, the Commonwealth charged Dejesus-Batista with two counts each of the following crimes:  dealing in proceeds of unlawful activities, 18 Pa.C.S. § 5111(a)(1); forgery, 18 Pa.C.S. § 4101(a)(2); theft by deception, 18 Pa.C.S. § 3922(a)(1); receipt of stolen property, 18 Pa.C.S. § 3925(a); access device fraud, 4106(a)(1)(i); and identify theft, 18 Pa.C.S. § 4120(a).

appeal would be frivolous; (2) furnish a copy of the brief to the defendant; and (3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention. **See Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*).

These procedural elements have been met. Counsel examined the record, certified her belief that any appeal would be frivolous, and stated that she provided Dejesus-Batista with a copy of the brief. Additionally, Counsel attached a copy of the letter sent to Dejesus-Batista informing him of her conclusions and his right to hire counsel or file his own brief. **See Commonwealth v. Woods**, 939 A.2d 896, 900 (Pa. Super. 2007) (noting that this Court's precedents require counsel to attach to a withdrawal petition a copy of the letter sent to the client). We next examine the substantive requirements. The brief accompanying the petition to withdraw must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010) (citing **Santiago**, **supra** at 361).

- 4 -

The **Anders** brief summarizes the factual and procedural history and identifies three potential issues. It cites to parts of the record which tend to support the claims and outlines the legal analysis that led Counsel to conclude that any appeal would be frivolous. Since the brief complies with **Santiago**, we consider the three issues raised therein:

> I.    Whether the trial court abused its discretion when it failed to overturn the jury's guilty verdict considering the evidence identifying Appellant as the culprit was a blurry photograph of an individual covered from head-to-toe.
>
> II.   Whether the Commonwealth presented sufficient evidence pertaining to Dealing in Proceeds from Unlawful Activities based on his conviction for Identity Theft, and pertaining to whether he had the requisite mind set to commit the crimes.
>
> III.  Whether the trial court abused its discretion when it imposed a consecutive sentence that totaled five and one-half (5 1/2) to twelve (12) years on Appellant.

**Anders** brief at 16.

### III.

The first claim involves a challenge to the weight of the evidence.[4] The argument is premised upon the identification by Daniel McCartin, Dejesus-

---

[4] In **Commonwealth v. Roberts**, 133 A.3d 759 (Pa. Super. 2016), we explained the applicable standard of review as follows:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts,

Batista's parole officer.[5]  Mr. McCartin testified that Detective Cory Huntsinger provided him with two photographs, introduced at trial as Commonwealth Exhibits 21 and 22.  The former was a photo taken when Dejesus-Batista signed up for his Sam's Club membership and the latter was a still photograph taken from the video showing the initial Ephrata Wal-Mart purchases.  Dejesus-Batista maintains that the photographs could not serve as a basis for Mr. McCartin's identification.

Preliminarily, the Commonwealth argues that the claim was waived, as the post-sentence motion merely raised a boilerplate challenge to the weight of the evidence.  **See** Post-Sentence Motion, 7/25/18, at 2 ("Defendant avers that the evidence [*sic*] was against the weight of the evidence.").  We agree.  As the Commonwealth notes, a bare-bones challenge to the weight of the evidence results in waiver.  **See Commonwealth v. Seibert**, 799 A.2d 54, 62 (Pa. Super. 2002) (finding weight claim waived where concise statement

---

certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

In order for an appellant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court.

**Id**. at 769-70 (citations and quotation marks omitted).

[5] The jury was not told of the parties' specific relationship and Mr. McCartin informed the jury that their interactions were work-related.  N.T., 5/21-22/18, at 210-11.

merely stated the "verdict of the jury was against the weight of the credible evidence as to all of the charges.").[6] Dejesus-Batista has waived his claim by not specifying the identification by Mr. McCartin as the basis for his weight claim.

Even if preserved, we would not grant relief. Our review is not to the weight of the evidence itself but rather the trial court's ruling on the weight claim. **Commonwealth v. Clay**, 64 A.3d 1049, 1055 (Pa. 2013). As such, our standard of review is distinct and we cannot "revisit[ ] the underlying question of whether the verdict was against the weight of the evidence." **Id**. at 1056. We, therefore, view the challenged evidence through the lens of the trial court's conclusion that the jury's verdict did not shock its conscience. As to the Sam's Club photo, the jury could conclude the photograph depicted Dejesus-Batista.[7] Turning to Commonwealth's Exhibit 22, that photograph shows the individual who initially activated the first set of gift cards at the Ephrata Wal-Mart. While this individual is partially obscuring his features in

_____

[6] The Pa.R.A.P. 1925(b) statement was likewise vague: "The trial court abused its discretion when it failed to overturn a jury verdict that went against the weight of the evidence." Concise Statement, 9/25/18, at 1.

[7] In fact, defense counsel conceded the photo was of his client and used it to illustrate how brazen Dejesus-Batista would have to be. "You see he went to Sam's Club, he had his picture taken. You saw that picture. . . . Does it make sense someone who took credit cards [and] bought gift cards with them would use the gift card to open an account when they would have to use their own driver's license and address to open an account[?]" N.T., 5/21-22/18, at 233.

the photo, Mr. McCartin's identification, based on approximately 60 interactions with Dejesus-Batista, did not shock the trial court's conscience.[8] We find no abuse of discretion in that ruling. This claim is frivolous.

**IV.**

The second claim pertains to the sufficiency of the evidence supporting the verdict for the two counts of dealing in proceeds of unlawful activities. The statute defining the offense reads:

> A person commits a felony of the first degree if the person conducts a financial transaction under any of the following circumstances:
>
> > (1) With knowledge that the property involved, including stolen or illegally obtained property, represents the proceeds of unlawful activity, the person acts with the intent to promote the carrying on of the unlawful activity.

18 Pa.C.S. § 5111(a)(1). The statute also contains the following definitions which are relevant to this claim:

> **"Financial transaction."** A transaction involving the movement of funds by wire or other means or involving one or more monetary instruments. The term includes any exchange of stolen or illegally obtained property for financial compensation or personal gain.
>
> **"Unlawful activity."** Any activity graded a misdemeanor of the first degree or higher under Federal or State law.

---

[8] Dejesus-Batista does not address the separate question of whether the jury could identify him from the photographs. The **Anders** brief limits its discussion to the identification given by Mr. McCartin. Even excluding Mr. McCartin's testimony, the jury simply had to compare the photos and all the video surveillance against Dejesus-Batista's appearance.

18 Pa.C.S. § 5111(f).

We agree that the sufficiency claim is frivolous. There is no doubt that Batista "conduct[ed] a financial transaction," as that term is explicitly defined to include "any exchange of stolen or illegally obtained property for financial compensation or personal gain." The property in question is gift cards, which were illegally obtained through the unauthorized use of Mr. Riegel's credit cards. Next, the Commonwealth had to prove that Dejesus-Batista conducted that transaction "With knowledge that the property involved, including stolen or illegally obtained property, represents the proceeds of unlawful activity[.]" 18 Pa.C.S. § 5111(a)(1). "Unlawful activity" includes "any activity graded a misdemeanor of the first degree or higher," and the gift cards represented the proceeds of his identity theft.[9]

The **Anders** brief sets forth Dejesus-Batista's complaint that since the underlying identity theft crime is not financial in nature, this statute was not intended to encompass his conduct. But as the **Anders** brief correctly notes, this Court has rejected the claim that § 5111 must be so narrowly construed. **Commonwealth v. Barnhart**, 722 A.2d 1093, 1097 (Pa. Super. 1998) ("[W]e must conclude that if the legislature had meant to confine Section

---

[9] The jury was instructed that the unlawful activity in question was identity theft. N.T., 5/21-22/18, at 260.

5111's scope to dealings in drug money it could have easily done so. The legislature chose, instead, to draft and enact a more wide-reaching statute.").

Dejesus-Batista committed identity theft by illegally using credit cards to obtain gift cards, which he then used in subsequent financial transactions. Finally, regarding the applicable *mens rea*, the jury could find this entire course of conduct was done with "the intent to promote the carrying on of the unlawful activity." The sufficiency claim is frivolous.

## V.

The final claim is that the trial court abused its discretion in imposing sentence.[10] We do not reach the merits of this claim. Challenges to discretionary aspects of sentencing are not appealable by right and an appellant must invoke our jurisdiction by satisfying a four-part test. Among

_____

[10] Our review of a challenge to the discretionary aspects of sentencing is governed by the following principles:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Zirkle***, 107 A.3d 127, 132 (Pa. Super. 2014) (citations omitted).

the four requirements is establishing that "there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code[.]" **Commonwealth v. Bebout**, 186 A.3d 462, 470 (Pa. Super. 2018) (citation omitted). Dejesus-Batista asserts the sentence is inappropriate because it "is so excessive that it violates the general principles underlying the Sentencing Guideline[s]." **Anders** brief at 25.

We disagree. Dejesus-Batista received consecutive identical sentences of 33 to 72 months at the convictions for dealing in the proceeds of unlawful activity. His prior record score was five and the offense gravity score for that crime is eight. The guidelines call for a sentence of 27 to 33 months in the standard range, 204 Pa. Code 303.16(a), which Batista received. That sentence was presumptively reasonable. **See Commonwealth v. Fowler**, 893 A.2d 758, 767 (Pa. Super. 2006) (noting that a sentence within the guideline "is presumptively where a defendant should be sentenced."). Hence, Batista's excessiveness claim relates to the decision to impose the sentences consecutively, which generally does not raise a substantial question.

> A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question. **Commonwealth v. Mastromarino**, 2 A.3d 581, 587 (Pa.Super.2010). Rather, the imposition of consecutive rather than concurrent sentences will present a substantial question in only "the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." **Commonwealth v. Lamonda**, 52 A.3d 365, 372 (Pa.Super.2012).
>
> > To make it clear, a defendant may raise a substantial question where he receives consecutive sentences

> within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

*Commonwealth v. Swope*, 123 A.3d 333, 338–39 (Pa. Super. 2015) (quoting *Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013)). Indeed, in *Dodge*, we cautioned "that a simple citation . . . may not be sufficient where the facts of the case do not warrant the conclusion that there is a plausible argument that the sentence is *prima facie* excessive based on the criminal conduct involved." *Dodge*, 77 A.3d at 1271. That is all Dejesus-Batista has done and he has failed to present a substantial question.

In any event, we would not grant relief. Our review of a sentence is highly deferential, as the "sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007) (citation and quotation marks omitted). Since the sentence is within the guidelines, we may vacate and remand only if we find that "the case involves circumstances where the application of the guidelines would be clearly unreasonable[.]" 42 Pa.C.S. § 9781(c)(2).

*Walls* noted that reasonableness is not statutorily defined and "commonly connotes a decision that is 'irrational' or 'not guided by sound judgment.'" *Id*. at 963. A sentence may be deemed unreasonable for two reasons. The first is if the sentencing court did not weigh the "general

standards applicable to sentencing found in Section 9721, *i.e.*, the protection of the public; the gravity of the offense in relation to the impact on the victim and the community; and the rehabilitative needs of the defendant." ***Id***. at 964 (quoting 42 Pa.C.S. § 9721(b)). The other is where the sentence is unreasonable under the guidelines provided by 42 Pa.C.S. § 9781(d), which directs this Court to consider four factors in assessing whether the sentence is clearly unreasonable.[11]

The instant sentence does not fall under either situation. As to the general § 9721 factors, the trial judge clearly weighed them. The prosecutor noted Dejesus-Batista's multiple convictions, including a 2013 conviction involving similar conduct, and requested a lengthy sentence due to failed rehabilitative attempts. Dejesus-Batista asked for leniency, citing his age, family background, employment history and substance abuse issues. He presented the testimony of his mother and gave both written and oral statements. The trial judge commented at length why she imposed her sentence, and it is obvious from reviewing these comments that the sentence was not the product of irrationality. Finally, we have considered all four factors of § 9781(d) and find no merit to the discretionary claim.

_____

[11] The four factors are: "(1) The nature and circumstances of the offense and the history and characteristics of the defendant; (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation; (3) The findings upon which the sentence was based; and (4) The guidelines promulgated by the commission." 42 Pa.C.S. § 9781.

**VI.**

Lastly, pursuant to **Commonwealth v. Yorgey**, 188 A.3d 1190 (Pa. Super. 2018) (*en banc*), we have independently reviewed the record to identify any preserved, non-frivolous issues which were not raised in the **Anders** brief.  Finding none, we grant counsel's petition to withdraw.

Petition to withdraw granted.  Judgment of sentence affirmed.

Judge Olson joins this memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/18/2019